Sherry NEEL and Rickey Jamerson,
Appellants,

v.

Thomas STRONG, Robert F. Ritter, Worsham N. Caldwell, Kenneth R. McClain, James R. Bartimus, Brown and Williamson Tobacco Corporation, Lorillard Tobacco Company, R.J. Reynolds Tobacco Company, Philip Morris USA, Inc. and Missouri State Attorney General Office, Respondents.

No. ED 81902.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 22, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 2003.

Application for Transfer Denied
Sept. 30, 2003.

W. Bevis Schock, St. Louis, MO, for appellants.

Edward D. Robertson, Jr., Jefferson City, MO, for respondents Strong, Ritter, Caldwell, McClain, and Bartimus.

Frank N. Gundlach, Matthew S. Shorey, St. Louis, MO, for respondents Brown and Williamson Tobacco Company.

James W. Newbold III, Bruce D. Ryder, Richard P. Cassetta, St. Louis, MO, for respondents Lorillard Tobacco Company and R.J. Reynolds Tobacco Company.

Alan C. Kohn, Robert F. Murray (c0-counsel), St. Louis, MO, for respondents Philip Morris, Inc.

Paul C. Wilson, Jefferson City, MO, for respondent Missouri State Attorney General.

GLENN A. NORTON, Judge.

Sherry Neel and Rickey Jamerson ("Appellants") appeal the judgment denying their claim for injunctive relief and declaratory judgment against Thomas Strong, Robert Ritter, Worsham Caldwell, Kenneth McClain, James Bartimus, Brown and Williamson Tobacco Corporation, Lorillard Tobacco Company, R.J. Reynolds Tobacco Company, Philip Morris USA, Inc. and the Missouri State Attorney General's Office (collectively "Respondents"). We affirm.

## I. BACKGROUND

The Attorney General of Missouri sued several tobacco companies on behalf of the State ("the tobacco litigation"). The Attorney General entered into a contract for legal services with Thomas Strong who agreed to serve as "lead special assistant attorney general" in the tobacco litigation. Strong entered into subcontract agreements, also governed by the contract for legal services, with attorneys Robert Ritter, Worsham Caldwell, Kenneth McClain and James Bartimus (collectively "outside counsel"). The contract for legal services provided that the Attorney General "shall have final authority over all aspects of the tobacco litigation."

The tobacco companies and the state settled the tobacco litigation. As part of the settlement, the Attorney General and the tobacco companies agreed that the tobacco companies would pay the fees of the outside counsel. Outside counsel waived their right to compensation under the contract for legal services and entered into the Missouri Fee Payment Agreement ("the Agreement") with the tobacco companies. Under the Agreement, the tobacco companies agreed to pay outside counsel directly for the services they performed on behalf of the state in the tobacco litigation. The amount of outside counsel's fees was set by binding arbitration at $111,250,000.00, payable over 25 years.

Appellants sought to intervene in the tobacco litigation. Appellants' motion to intervene was denied by the circuit court, and the denial was upheld by the Supreme Court in *State ex rel. Nixon v. American*

*Tobacco Company*, 34 S.W.3d 122 (Mo. banc 2000). Appellants then filed this action seeking a declaratory judgment that the Agreement is unconstitutional. Appellants claimed that outside counsel were officers of the state and therefore must be paid according to Missouri Constitution Article IV, Section 21. Appellants also sought injunctive relief prohibiting the tobacco companies from paying the fees to outside counsel under the agreement. The circuit court heard this case on cross-motions for judgment on the pleadings and found for Respondents on all issues.

## II. DISCUSSION

"The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings." *Id.* A motion for judgment on the pleadings is properly granted by the trial court if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law. *Id.* The facts in this case are not in dispute. The sole legal question before this Court is whether Article IV, Section 21 applies to the Agreement.

### A. Standing

We will not review an appeal unless the parties had proper standing to bring the action. *Eastern Missouri Laborers Dist. Council v. St. Louis County*, 781 S.W.2d 43, 45–46 (Mo. banc 1989). Appellants rely on *American Tobacco* for the proposition that they have standing to bring this case. In *American Tobacco*, the Supreme Court affirmed the denial of Appellants' motion to intervene under Rule 52.12 in the tobacco litigation. The Court found that "[t]o the extent that [Appellants have] any interest in the settlement, however, that interest is clearly neither impaired nor impeded" by Appellants' absence from that litigation. *American Tobacco*, 34 S.W.3d

at 131. In affirming the denial of Appellants' motion to intervene, the Court went on to state that "[Appellants] could file a separate lawsuit to address [their] allegations." *Id.*

The Supreme Court's holding in *American Tobacco* was limited solely to whether Appellants could intervene in that litigation. Nowhere in *American Tobacco* does the Court address the justiciability of Appellants' claims. While the Court did say that Appellants were free to *file* a separate lawsuit to address their claims, it said nothing about their *standing* in that new lawsuit. The mere filing of a lawsuit does not automatically confer standing on a taxpayer. *Eastern Missouri Laborers*, 781 S.W.2d at 46. The Court in *American Tobacco* did, however, address the standing of other taxpayers who brought claims similar to the one in this case. *See American Tobacco*, 34 S.W.3d at 132.

"The primary basis for taxpayer suits arises from the need to ensure that government officials conform to the law." *Eastern Missouri Laborers*, 781 S.W.2d at 46. The taxpayer has an interest that can be legally protected if the taxpayer is directly and adversely affected by the action in question or if the taxpayer's interest is conferred by statute. *Ste. Genevieve School District R-II v. Board of Aldermen of City of Ste. Genevieve*, 66 S.W.3d 6, 10 (Mo. banc 2002). In order to have standing, a taxpayer must show either: 1) a direct expenditure of funds generated through taxation, 2) an increased levy in taxes, or 3) a pecuniary loss attributable to the challenged transaction of a municipality. *American Tobacco*, 34 S.W.3d at 131.

While the Agreement does not specifically involve state funds, outside counsel would not be owed any fees unless they had represented the state. *See American Tobacco*, 34 S.W.3d at 134. "To character-

ize these funds as wholly private funds places form before substance." *Id.* In this unique situation, the Appellants' claims exist because of the underlying claims of the state against the tobacco companies. *Id.* Just as the other taxpayers in *American Tobacco* had standing, Appellants have standing in this cause of action. *Id.* Therefore, we will address the merits of their claims.

## B. Officers of the State

In their first point on appeal, Appellants contend that the trial court erred in concluding that outside counsel are not officers of the state under Article IV, Section 21 of the Missouri State Constitution. Article IV, Section 21 states:

> The officers named in this article shall receive for their services salaries fixed by law, which shall not be increased or diminished during their terms. After the expiration of the terms of those now in office the officers named shall not receive to their own use any fees, costs, perquisites of office or other compensation, and all fees provided by law for any service performed by them shall be paid in advance into the state treasury.

Appellants contend that outside counsel are "officers" to whom Article IV, Section 21 applies, and therefore the fees paid to outside counsel must first be deposited in the state treasury. Because the Agreement calls for the tobacco companies to pay outside counsel's fees directly, Appellants assert that the Agreement is illegal and its enforcement must be enjoined.

The Supreme Court has held that an individual is an officer of the state only if that individual exercises the sovereign power of the state "with some continuity and without control of a superior power other than the law." *State ex rel. Webb v. Pigg,* 363 Mo. 133, 249 S.W.2d 435, 438 (banc 1952) (reviewing Mo. Const. Article

VII, Section 13). In legal actions on behalf of the state, only the Attorney General may represent the state with sovereign power. "The attorney general shall institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state...." Section 27.060 RSMo 2000. The Attorney General does have the power to appoint assistant attorneys general as necessary to properly perform the duties of his office. However, assistant attorneys general hold their positions at the pleasure of the attorney general and maintain authority only under the discretion of the attorney general. Section 27.020.1 RSMo 2000.

In this case, outside counsel served as "special assistant attorneys general." Section 27.020.1 makes no distinction between assistant attorneys general and special assistant attorneys general. *State v. Planned Parenthood of Kansas,* 66 S.W.3d 16, 19 n. 2 (Mo. banc 2002). Outside counsel served at the pleasure of the Attorney General and maintained their authority only under the discretion of the Attorney General. Not only was outside counsel's power limited by statute, it was also limited by the contract for legal services. Under the contract, the Attorney General had "final authority over all aspects of the tobacco litigation." Further, the Attorney General could terminate the contract without cause.

Because outside counsel could not exercise their duties "with some continuity and without control of a superior power other than the law," they are not officers for purposes of Article IV Section 21. On the face of the pleadings, Respondents were entitled to judgment as a matter of law.

Point I is denied.

As Appellants have conceded, in order for Article IV, Section 21 to apply, outside counsel must be officers of the state. Because we find that outside counsel are not officers, Article IV, Section 21 does not apply and Appellants' Points II through V are moot.

### III. CONCLUSION

The judgment is affirmed.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.